[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11201

Non-Argument Calendar

_____

GINO ADAMSON,

Plaintiff-Appellant,

*versus*

CITY OF BIRMINGHAM, ALABAMA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:21-cv-00902-AMM

_____

Before NEWSOM, HULL, and ANDERSON, Circuit Judges.

PER CURIAM:

Gino Adamson appeals the district court's order granting summary judgment in favor of his former employer, the City of Birmingham, Alabama, on his claims of disability discrimination and retaliation under the Americans with Disabilities Act ("ADA") and race discrimination and retaliation under Title VII of the Civil Rights Act of 1964.  After review of the record and the parties' briefs, we affirm.

## I.  BACKGROUND

The district court's order comprehensively sets forth the relevant facts and a thorough analysis.  Because we write for the parties, who are already familiar with the facts, we recount only so much of the facts and procedural history as is necessary to understand our opinion.

Adamson worked as a police officer for the City of Birmingham Police Department ("the City") assigned to patrol.  On April 24, 2020, shortly after the COVID pandemic began, Adamson was on duty inside an area hospital.  When hospital staff complained, Adamson was instructed by a superior officer to put on a face mask per the hospital's policy.  When Adamson refused, he was relieved by another officer.  Adamson was sent to Internal Affairs, where he gave a statement and then was returned to service the same day.

On May 1, 2020, the City issued a pandemic-related protocol that required all employees to wear a cloth face covering if they could not maintain six feet of social distancing while working. Adamson advised his supervisors that his anxiety, later diagnosed as post-traumatic stress disorder ("PTSD"), prevented him from wearing a face mask due to feelings of suffocation. Adamson was placed on leave on May 4.

On May 27, 2020, Adamson submitted a reasonable accommodation request form along with a doctor's note proposing that Adamson be allowed to wear a face shield or work a "desk job" that did not require a mask. As a result, on June 3, Adamson was temporarily reassigned from patrol to the intake desk at the City's jail, where he could wear a face shield.

In September 2020, Adamson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging the City discriminated and retaliated against him based on his race and disability.

Almost five months later, in February 2021, Adamson was served a "Notice of Determination Hearing." The notice alerted Adamson of possible personnel action for disobeying his supervisor's April 24, 2020 order to wear a mask while on duty *at the hospital*. That hearing was never held, however, and Adamson was never disciplined for refusing to wear a mask.

In August 2021, Adamson retired from the City's police department.

## II. DISTRICT COURT PROCEEDINGS

Adamson sued the City, alleging claims of disability discrimination and retaliation under the ADA and race discrimination and retaliation under Title VII. Following discovery, the City moved for summary judgment, which the district court granted.

As to Adamson's reasonable accommodation claim, the district court concluded that no reasonable jury could find a failure to accommodate because it was undisputed that Adamson was permitted to wear a face shield at the jail.

As to his disability disparate treatment claim, the district court concluded, under the *McDonnell Douglas* framework,[1] that Adamson presented no evidence that: (1) the City reassigned him to the jail or took any other allegedly adverse action because of his disability, rather than as a reasonable accommodation; or (2) that the City's reasons for its actions were pretextual and that the real reason was disability discrimination.

As to Adamson's Title VII race discrimination claim, the district court concluded that: (1) Adamson, who is white, failed to identify a valid comparator—a non-white officer engaged in the same conduct—for purposes of a *prima facie* case under *McDonnell Douglas*; and alternatively (2) he did not present a "convincing mosaic" of circumstantial evidence of discriminatory intent.

---

[1] *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973).

The district court concluded Adamson established a *prima facie* case of ADA retaliation because he was reassigned to the jail within a "week or so" of requesting a face-mask accommodation. However, Adamson failed to present evidence that the City's proffered reason for the reassignment—patrol work required a face mask but the jail's more controlled environment permitted use of a face shield with less risk of exposure to the public and the patrol force—was pretextual.

Finally, as to Adamson's Title VII retaliation claim, the district court concluded that the period of nearly five months between Adamson's protected activity—the filing of his EEOC charge—and his allegedly adverse action—merely receiving the "Notice of Determination Hearing"—was too long to establish temporal proximity or but-for causation.

## III. DISCUSSION

### A.    ADA Failure-to-Accommodate Claim

The district court did not err in granting summary judgment on Adamson's failure-to-accommodate claim.[2] Adamson requested that he not "be forced to wear a mask and be able to return to work." Both he and his doctor suggested as an

---

[2] We review *de novo* the grant of summary judgment, drawing all reasonable inferences in the light most favorable to the non-moving party. *Todd v. Fayette Cnty. Sch. Dist.*, 998 F.3d 1203, 1214 (11th Cir. 2021). The movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

accommodation wearing a face shield instead of a mask. His doctor also suggested that the City could accommodate Adamson's disability by moving him to a desk job where he could work without a mask. Relying on this request, the City temporarily reassigned Adamson to the jail's intake desk where he could wear a face shield instead of a mask while pandemic protocols were in place.

Adamson does not dispute that at the jail he was permitted to continue working as a police officer without having to wear a face mask. *See Holly v. Clairson Indus., LLC*, 492 F.3d 1247, 1256 (11th Cir. 2007) (explaining that an accommodation is reasonable under the ADA if it enables the employee to perform the essential functions of the job). Even crediting Adamson's claim that his request to return to his job was a specific request to return to patrol, the City was required to provide a reasonable accommodation, which it did, and was not required to provide Adamson's specific preferred accommodation. *See D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014, 1022 (11th Cir. 2020) ("[A]n employer is not required to accommodate an employee in *any* manner that the employee desires—or even provide that employee's preferred accommodation."). The ADA recognizes "reassignment" as a possible reasonable accommodation. *See* 42 U.S.C. § 12111(9)(B); *Frazier-White v. Gee*, 818 F.3d 1249, 1255 (11th Cir. 2016). Given that there is no evidence supporting a finding that the City denied Adamson a reasonable accommodation, the district court did not err in granting summary judgment on his failure-to-accommodate claim.

## B.    ADA Disparate Treatment Claim

Because Adamson relied on circumstantial evidence to prove his ADA disparate treatment claim, the district court applied the *McDonnell Douglas* burden-shifting framework. Under that framework, once the plaintiff establishes a *prima facie* case of disability discrimination and the employer articulates a legitimate nondiscriminatory reason for its actions, the plaintiff must show that the employer's reason was pretext for disability discrimination. *Todd v. Fayette Cnty. Sch. Dist.*, 998 F.3d 1203, 1216-18 (11th Cir. 2021). To prove pretext, the plaintiff must show both that the proffered reason is false and that the real reason is disability discrimination. *Akridge v. Alfa Ins. Cos.*, 93 F.4th 1181, 1196 (11th Cir. 2024).

The City proffered that it reassigned Adamson to the jail because he requested an accommodation not to wear a face mask during the pandemic, and the City determined that the jail was "a more controlled environment" than patrol "that would allow for the use of a face shield." In particular, the City believed a face shield would not provide enough safety to the public or the patrol force because officers on patrol were required to move from location to location, responding to calls, and to enter homes, businesses, and hospitals. The district court concluded that Adamson "developed no evidence that the City's reason was pretextual."[3]

---

[3] The district court considered three additional employment actions that Adamson claimed were disability discrimination—limiting his movements at

While Adamson testified that some desk jobs at the precinct involved less exposure to other people than at the jail, he did not identify any particular job that was available in May 2020. And assignment decisions depended on availability and "staffing levels," which the pandemic was disrupting at that time. Furthermore, the Police Chief testified that employees performing desk jobs at the precinct "still had to wear a mask." It is axiomatic that Adamson cannot show pretext by substituting his business judgment for the City's or "by simply quarreling with the wisdom of [its] reason." *See Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1265-66 (11th Cir. 2010).

Adamson did not present evidence that would allow a jury to find that the City's reason for reassigning him to the jail was false and that the real reason was his PTSD. Thus, the district court did not err in granting summary judgment to the City on his disparate-treatment claim.[4]

_____

the jail, giving him different days off than other officers at the jail, and not returning all of his personal leave hours used in May before his reassignment. The district court concluded Adamson had not shown the City's proffered reasons for these actions were pretextual. On appeal, because Adamson does not challenge the district court's pretext analysis as to these other actions, we limit our review to Adamson's reassignment to the jail. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

[4] Adamson never argued in the district court that he presented a "convincing mosaic" of circumstantial evidence of disability discrimination. To the extent he raises such an argument here for the first time, for the reasons discussed above, the circumstantial evidence Adamson relies upon would not otherwise permit an inference of discriminatory intent.

### C.    Title VII Race Discrimination Claim

Adamson challenges the district court's determination that he failed to present any evidence of valid comparators, one of the elements of a *prima facie* case of race discrimination under the *McDonnell Douglas* framework.

To establish the comparator element of a *prima facie* case, Adamson needed to present evidence that the City treated similarly situated non-white employees more favorably.  *See Lewis v. City of Union City ("Lewis I")*, 918 F.3d 1213, 1220-21 (11th Cir. 2019) (en banc).  To be a valid comparator, the non-white employee must be "similarly situated in all material respects," such as someone who "engaged in the same basic conduct (or misconduct) as the plaintiff," was subject to the same employment policies as the plaintiff, had the same supervisor, and "share[d] the plaintiff's employment or disciplinary history."  *Id*. at 1226-28.

Adamson submitted several photographs of unnamed black officers "in the field" who were not wearing masks when the City's mask requirement was in effect and testified that these officers were not disciplined or reassigned.  All of the photographs were taken outside.  Two photographs show groups of officers, both black and white, who are unmasked.  Adamson also testified that two black officers, Officers Reese and Hunt, failed to wear a mask at roll call but were not "written up."

None of this evidence establishes a comparator who was "similarly situated in all material respects."  *See id*.  First, it is undisputed that Adamson was never disciplined for failing or

refusing to wear a mask. Thus, to the extent black officers were not disciplined for failing to wear a mask, they were not treated any differently than Adamson.

Second, the district court correctly pointed out that there was no evidence any other officer, like Adamson, requested an accommodation to be exempt from the mask requirement while on patrol. When asked at his deposition whether any of the black officers requested an accommodation related to the mask requirement, Adamson responded, "[N]ot to my knowledge." Adamson also admitted he had no personal knowledge of the black officers' disciplinary histories or who their commanding officers were at the time. Thus, Adamson failed to present evidence establishing that any of the black officers were similarly situated for purposes of his *prima facie* case under *McDonnell Douglas*.

We also agree with the district court's alternative conclusion that Adamson failed to present a "convincing mosaic" of discriminatory intent. *See Lewis v. City of Union City* ("*Lewis II*"), 934 F.3d 1169, 1185 (11th Cir. 2019). The only other evidence Adamson relies on to prove race discrimination is the fact that all but one of his supervisors were black, including the Police Chief and the City's Chief Compliance Officer who handled his accommodation request. But the mere fact that Adamson is white and his supervisors were black does not support a reasonable inference of discriminatory intent. *See id.* at 1185.

Because Adamson failed to present evidence of a valid comparator or any other evidence from which a jury could

reasonably infer discriminatory intent, the district court properly granted summary judgment to the City on his Title VII race discrimination claim.

## D.    ADA Retaliation Claim

ADA retaliation claims based on circumstantial evidence are analyzed under the *McDonnell Douglas* framework. *Todd*, 998 F.3d at 1219.[5] As part of the *prima facie* case, the plaintiff must show that his protected conduct—here Adamson's ADA accommodation request—and the adverse employment action—his reassignment to the jail—were "causally related." *Id*. This element "requires a showing of but-for causation." *Frazier-White*, 818 F.3d at 1258. The causation element of the *prima facie* case can be established through a "very close" temporal proximity. *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1182 (11th Cir. 2010).

If the plaintiff establishes a *prima facie* case, the employer can overcome the presumption of retaliation by articulating a legitimate, nonretaliatory reason for the challenged action. *Todd*,

---

[5] Adamson's ADA retaliation claim was based on his reassignment to the jail after making his accommodation request. His Title VII retaliation claim was based on his hearing notice received after he filed his EEOC charge. On appeal, Adamson's brief makes a passing reference to his EEOC charge in his statement of the facts. But the portion of the brief devoted to retaliation does not mention his EEOC charge at all, much less rely on it as an instance of protected conduct or argue that he presented sufficient evidence for a jury to find that the City retaliated against him for filing it. Thus, on appeal Adamson forfeited any challenge to the district court's entry of summary judgment on his Title VII retaliation claim. *See Sapuppo*, 739 F.3d at 681.

990 F.3d at 1219.  If the employer carries that burden, then the plaintiff must show that the employer's proffered reason is "a pretextual ruse designed to mask retaliation." *Id.* (quotation marks omitted).  At this stage of the burden-shifting analysis, "temporal proximity by itself generally cannot prove that an employer's proffered reasons are pretextual." *Id.*

Here, Adamson was reassigned to the jail on June 3, 2020, seven days after he submitted his accommodation request on May 27, 2020.[6]  Adamson contends his reassignment to the jail was punishment for making an accommodation request about his refusal to wear a face mask on patrol.  While this temporal proximity may be close enough to satisfy the causation requirement for a *prima facie* case, it is not sufficient by itself to prove that the City's reason for reassigning him to the jail was pretext. *See id.*

None of Adamson's evidence shows that the City's proffered reason was false or that the real reason was to retaliate for his accommodation request.  As the district court aptly pointed out, this is especially true here where the City's proffered reason for

---

[6] The parties dispute whether Adamson's reassignment to the jail was sufficiently adverse.  We need not resolve this issue, however, because even assuming (as the district court did) that Adamson's reassignment constituted an adverse employment action for *prima facie* case purposes, the district court correctly concluded that Adamson's ADA retaliation claim failed at the pretext stage.

Adamson's reassignment was to <u>grant</u> his accommodation request, not deny it.

Adamson identifies the two decisionmakers as the Police Chief and the City's Chief Compliance Officer. That Compliance Officer testified that the jail was an appropriate option for Adamson's reassignment because the jail "was under the police department" and police officers were assigned to work there. She said that she was unaware of claims that assignment to the jail was punishment. Similarly, the Police Chief testified that the jail was "just a normal assignment for any officer" and that he did not view it as punishment.

In addition, both decisionmakers explained—consistently with each other and with their emails discussing Adamson's request—that Adamson was reassigned to place him in a more controlled environment where his use of a face shield in lieu of a mask would pose less risk to the general public and the patrol force. Further, the fact that Adamson interacted with some members of the public inside the jail is not inconsistent with the City's proffered reason.[7]

Adamson points to his evidence that patrol officers considered reassignment to the jail a form of punishment when an officer was disciplined. None of this evidence involves a pandemic-

---

[7] Adamson emphasizes that the two decisionmakers disagreed as to which one of them made the ultimate decision to reassign him. This fact is immaterial because both agreed on the reason for the reassignment.

related reassignment to accommodate a request not to wear a face mask. In any event, this fact has no bearing on whether the City's reason was pretextual. The pretext inquiry centers on *the decisionmaker's beliefs*, not those of the employee. *Todd*, 998 F.3d at 1218. Adamson presented no evidence that either decisionmaker regarded his reassignment to the jail as a punishment, rather than an ADA accommodation.

Adamson's evidence also does not raise a reasonable inference of retaliatory intent under the "convincing mosaic" approach. The close temporal proximity here does not amount to a "suspicious timing" given that the reassignment was a prompt response to Adamson's accommodation request. *See Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1311-12 (11th Cir. 2023). And Adamson does not point to any "ambiguous statements," "systematically better treatment of similarly situated employees" or other circumstantial evidence usually associated with a "convincing mosaic" argument. *See id.*

## IV. CONCLUSION

For these reasons, we find no error in the district court's order granting summary judgment in favor of the City on Adamson's ADA and Title VII claims.

**AFFIRMED.**